### GEORGE HARDEN *v.* WILLIAM R. PALMER.

Where there is no evidence that a debtor has had any domicil in this state since the cause of action accrued, the fact that he has *resided* out of the state, within the meaning of the statute limiting the time for the commencement of actions, may be inferred from proof of his absence in other countries.

The periods of non-residence, however numerous, should be excluded from the computation of the six years prescribed by the statute of limitations. (*a*)

In construing the clause of the statute, providing, that if the debtor shall depart from and reside out of the state, the time of his absence shall not be deemed any part of the time limited for the commencement of the action, *it seems*, that the word "reside," should be held to refer to a material absence, as contradistinguished from a temporary departure followed by an immediate return; and that the intended exception is not confined to cases, where a

---

(*a*) The Supreme Court, in the first judicial district of this state, in *Cole* v. *Jessup*, (2 Barb. S. C. R. 309,) held that successive absences could not be accumulated and the aggregate time thereof deducted from the period allowed by the statute, and that a plaintiff could only avail himself of the first absence of the debtor after the cause of action has accrued. The Superior Court of the city of New York has held directly the reverse. (*Ford* v. *Babcock*, 2 Sand. S. C. R. 318.)

Harden *v.* Palmer.

debtor.has lost his *legal* residence here, for all purposes, and taken up an absolute residence elsewhere. (*a*)   *Per* DALY, J.

Where a memorandum of sale, containing the words, "Note at 8 mos.," is given by the seller and received by the buyer at the time of sale, without objection, and as a part of the transaction, the presumption is, that the price is not due until the expiration of the eight months. *Per* WOODRUFF, J.

So held in reference to the application of the statute of limitations.

Where, in an action tried before a judge at special term, without a jury, it appears, on reviewing the judgment, uncertain what facts should be deemed established by the testimony, and the case does not contain the finding of the facts prescribed by § 268 of the Code, the court, on appeal, may assume that such facts were found as are warranted by the evidence and required to sustain the judgment. *Per* WOODRUFF, J.

THIS action was commenced on the 18th day of March, 1852, for goods sold July 17th, 1845, and was tried before Judge INGRAHAM, without a jury.

The defence interposed was the statute of limitations. The plaintiff insisted, first, that by the terms of sale, the defendant was to give his note for eight months, and thus, allowing days of grace, that the actual credit did not expire nor the cause of action accrue until the 20th day of March, 1846.

A witness testified that, as agent of the defendant, he purchased from the plaintiff a case of Irish linens, " on a credit of eight months." " The bill for the goods amounted to $247 93." A copy of the bill was produced and identified by the witness. It was as follows:

"NEW YORK, *17th July*, 1845.

" Mr. Wm. R. Palmer,

"Bo't of George Harden,

"[G] 948.   70 ps. linen, 866 *a* 870, 918¼ *a* 27,       $247 93.

"(Note *a* 8 mos.)"

(*a*) In *Wheeler* v. *Webster*, (1 E. D. Smith, 1,) this court held that, to suspend the operation of the statute, it is not sufficient to prove that the debtor, after the cause of action accrued, departed, from time to time, and was repeatedly absent, from the state. He must be shown to have departed from, and

The witness added, in reply to a question, "Nothing was said specially about a note."

A clerk of the plaintiff, present at the sale, was called, and testified that he could not say that any thing was said with regard to terms, at the time of sale; that he made a memorandum that a note at eight months was to be given; and that about six weeks afterwards the witness called at the defendant's place of business for a note, but did not see him.

It was urged by the plaintiff, secondly, that the statute had not run six years since the sale, by reason of the defendant's absence. To sustain this point, the plaintiff relied upon one witness only, who testified that the defendant had been twice in Europe since the sale, having been absent, the first time, "six or eight months," and the second, "about two months."

The plaintiff had judgment. The case did not contain the specification of the facts found, as required by § 268 of the Code. Appeal was brought by the defendant.

*Edmund Terry*, for the defendant, cited *Russel* v. *Minor*, 22 Wend. 659; *Strong* v. *Taylor*, 2 Hill, 326; *Lupin* v. *Marie*, 6 Wend. 77; S. C. 2 Paige, 169; 2 R. S. 395, (297,) § 27.

*Andrew S. Garr*, for the plaintiff, cited *Hoskins* v. *Duperoy*, 9 East, 498; *Hanna* v. *Mills*, 21 Wend. 90; *Yale* v. *Coddington*, Id. 175; *Ford* v. *Babcock*, 2 Sand. S. C. R. 518, 529; *Graham's Ex'rs* v. *Schmidt*, 1 Id. 74; *In re Thompson*, 1 Wend. 43; *Pooler* v. *Maples*, Id. 65.

DALY, J.—The exceptions taken to the admission of testimony were varied upon the argument, and the only point to be considered is whether the action accrued within six years.

\*        \*        \*        \*

---

*resided* out of the state, if within the state when the cause of action accrued. The court intimated (INGRAHAM, FIRST J., delivering the opinion) that merely temporary absence, excursions for pleasure or business, with a return to the state as the debtor's residence, may be all that mere proof of absence implies, and that a residence for some time elsewhere must be affirmatively shown.—REP.

Harden *v.* Palmer.

It appeared that the plaintiff had been absent in Europe after the sale, at one time for eight months, and, at another, for two months, embracing, in all, an absence of ten months between the time of the sale and the commencement of the action, which absence, if deducted in the computation of time, would bring the commencement of the suit within six years. The statute declares, that if after the cause of action accrues against any person he shall *depart from and reside out of this state*, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of the action. Was the absence of the defendant in Europe, for the period stated, a residence out of the state within the meaning of the statute? To arrive at what is meant by a residence out of the state, it is essential to consider the object which the framers of the statute had in view; to look at the reason which existed for the enactment of such a provision, which was introduced as a special clause into the pre-existing statute of limitations, at the time of the revision of the laws, in 1830. The reason and object of the provision is very well stated by Justice DUER, in *Ford* v. *Babcock*, 2 Sand. S. C. R. 529. The only reason that can be assigned for permitting absence of the defendant, when the cause of action accrued, to prevent the statute from beginning to run, is the inability of the plaintiff to prosecute his claim, during such absence, unless by resorting to a foreign tribunal. And the learned judge then proceeds to say, that if it is just that the absence of the defendant, at the time when the cause of action accrued, should prevent the statute from beginning to run, it is equally just that his absence, after the statute has commenced to run, should suspend its operation. The ground, then, of this exception to the prescribed period of limitation is the inability of the creditor to prosecute his claim in this state, by reason of the absence of the debtor. In other words, he is not to be deprived of the right of collecting his debt by operation of the statute, unless where, having the opportunity of prosecuting his creditor for six years, he suffers that length of time to pass by without commencing his action.

Now he cannot be said to have this opportunity, unless the creditor has been in the state for six years, so as to be at any time during that period within the reach of process. A party may be absent for a year, thus limiting his creditor's opportunity to five years, without losing his residence here. Journeying for pleasure, he might be absent for a much longer period, and yet be deemed a resident of the state for many purposes. It never could be intended that the time thus lost to the creditor should be included in the computation of the six years. He could not be charged with neglecting to act for that length of time, when, during a portion of it, it was out of his power to institute a suit. The statute distinguishes between simply departing from and residing out of the state; and I suppose the true construction of the latter provision of residing out of the state to be a material absence from it, as contradistinguished from a temporary departure, followed by an immediate return. I cannot think that the statute applies only to cases where a party has lost his legal residence here for all purposes, and taken up an absolute residence elsewhere. The statute which formerly existed, authorizing an attachment of the property of non-resident debtors, contained a similar provision. It subjected to attachment the property of debtors *residing out* of the state. What constituted a residence out of the state, within the meaning of the statute, came up for consideration *In the Matter of Thompson*, 1 Wend. 43. In that case the debtor had been a resident of this state, and, at the time the attachment was issued, had been absent in Scotland for nearly two years. He was the principal member of a firm here, the business of which was continued in his name, in this city, when his property was attached. Upon an application made to Judge Irving, of this court, he suspended the attachment, upon the ground that the domicil of the debtor was here; but the Supreme Court reversed his order. It was contended, upon the application for reversal, that absence *without the state*, whether the debtor have his domicil or a mere residence here, was equally within the object of the act; and Chief

Justice SAVAGE said, in delivering the opinion of the court, that the object of the act was to authorize creditors to prosecute for their debts, when their debtors were abroad, whether their absence from this state was *permanent* or *temporary ;* that it was intended to afford a remedy to creditors, when debtors could not be served with process. The debtor, he says, is out of the reach of the process of the law, and therefore the legislature have provided that his property shall be liable for the payment of his debts. This was, in effect, declaring that absence from the state, at the time the property was attached, was *residing out of the state,* within the meaning of these words; and I see no reason why the construction thus given to the words, when used in this particular act, may not be taken as equally explanatory of the sense in which they are employed in the statute under consideration. If I am right in the conclusion at which I have arrived, the statute ceased to run during the ten months that the defendant was in Europe. That there were two distinct periods of absence, makes no difference; for whether a party is absent upon one or upon several occasions, the whole time that he is absent is to be taken and computed together. (*Ford v. Babcock,* 2 Sand. S. C. R. 531; *Dedier* v. *Davidson,* 2 Barb. Ch. R. 477.) The judgment rendered at the special term should, therefore, be affirmed.

WOODRUFF, J.—There is no finding of facts contained in the case, as required by section 268 of the Code. We cannot, therefore, say whether the judge found that there was an agreement to give a note at eight months or not—though I think that the memorandum of sale, given by the seller and received by the buyer at the time, without obligation and as part of the transaction, warranted that finding—nor whether he found that, after the cause of action accrued, the defendant departed from and resided out of this state for a period which saved the case from the operation of the statute. An affirmative finding of either would warrant the judgment for the plaintiff.

The proof of absence is contained in the case; and I find no evidence that the defendant had any domicil in this state. If not, he of course resided out of the state when he went to Europe; and I concur in the opinion that the periods of such non-residence, however numerous, must all be excluded from the computation of the six years. The evidence as to the duration of the absence is very loose. The witness states one absence as *six* or *eight* months, and the other as *about* two months. Now, whether both periods amount to *about eight months* or about ten months, is quite uncertain; and the plaintiff's endeavor was to show that he was absent *more than eight*. Nevertheless, in this uncertainty regarding facts, and in the absence of the finding required by the section of the Code above referred to, I think we must assume that the judge found whatever might be found upon the evidence given; and in this view I think there is enough in the case to sustain the judgment.

Judgment affirmed.